IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH T. SHIMCHICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-109-GPM |
| | ) |
| **MADISON COUNTY JAIL,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Joseph Shimchick, formerly a detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**CLAIM 1**

In August 2009, Shimchick slipped and fell in a puddle of water created by a leaking pipe. Previously, he and other inmates had complained about the water leak to the jail staff. The day after his fall, Shimchick was examined by the nurse, and an x-ray was taken. Apparently the x-ray was normal, although Shimchick experienced pain in his lower back and numbness in his legs and buttocks. He now asserts that he is entitled to safe housing and proper medical care, and he believes that his rights were violated in this situation.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).[1]

Regarding the leak that created the puddle, it is unfortunate that Shimchick slipped and fell. His allegation that the jail officials failed to fix the leak prior to his fall presents, at best, a claim of

---

[1] For purposes of this order, the Court assumes that Shimchick was a pretrial detainee at the time of these events.

negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

As for medical treatment,

> [a] state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir. 1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

The complaint states that Shimchick did receive medical treatment for his injuries following the fall. He makes no allegations against any specific individual regarding his medical treatment or lack thereof; thus, he fails to state a claim upon which relief may be granted.

### CLAIM 2

In December 2009, Shimchick was taken to an orthopaedist for a broken hand, for which he was given a brace. A few days later, one of the jailers removed the metal stays from the brace. Shimchick objected and complained of pain in his hand, but nothing was done. When he returned to the orthopaedist, the doctor recommended that tests be run to check for a pinched nerve, and pain medication was recommended. Shimchick alleges that he was not taken back for additional tests, nor was he provided with the recommended pain medication.

The legal standards regarding medical care are set forth above under Claim 1. As with that claim, Shimchick has not made any allegations against any specific individual regarding his medical treatment or lack thereof. Thus, he has failed to state a claim upon which relief may be granted.

### CLAIM 3

In late December 2009, Shimchick experienced chest pains and an irregular heart beat, apparently due to a chronic heart condition. He was taken to the nurse, who gave him some medication after apparently consulting with the doctor over the telephone. Shimchick later realized that this medication was aspirin, which he should not take because he is allergic to aspirin. The doctor later acknowledged that he had approved the medication over the phone without having access to Shimchick's medical file, which clearly indicated this allergy. Shimchick states that for the two weeks he took aspirin, he suffered from a swollen throat, hives, and a stomach ache. Because of the doctor's admitted error, Shimchick asserts that his constitutional rights were violated.

It is unfortunate that the doctor made an error with respect to Shimchick's medication. However, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *accord Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability."). Thus, Shimchick fails to state a claim upon which relief may be granted.

### DISPOSITION

Shimchick has failed to state a viable constitutional claim with respect to any of his three events, and the Court declines to exercise supplemental jurisdiction over any potential claims arising

under state law.  *See* 28 U.S.C. § 1367(c)(3).  Accordingly, the complaint does not survive review under § 1915A, and this action is **DISMISSED with prejudice**.  Shimchick is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  08/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
